# UNITED STATES DISTRICT COURT
for the
District of Alaska

RECEIVED SEP 20 2023 Clerk, U.S. District Court Fairbanks, AK

| | |
|---|---|
| Sheldon Frank Maier and Janne Holmberg Maier <br><br> *Plaintiff(s)* <br> *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* <br><br> -v- <br><br> Buck Jones, Jerrod Towne, Thomas Berberich and Robert Wood <br><br> *Defendant(s)* <br> *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)* | Case No. 4:23-cv-00021-SLG <br> *(to be filled in by the Clerk's Office)* <br><br> Jury Trial: *(check one)* ✓Yes ☐No |

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Non-Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Sheldon Maier and Janne Maier |
| Address | 276 Eagle Ridge Rd |
| City | Fairbanks |
| State | AK |
| Zip Code | 99712 |
| County | USA |
| Telephone Number | 907 458 9529 |
| E-Mail Address | AlaskaGoldmine1@gmail.com |

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Buck Jones |
| Job or Title (if known) | Mine Safety and Health Administration (MSHA) inspector |
| Address | c/o David Clark, US DOL, 300 Fifth Ave, Suite 1120 |
| City | Seattle |
| State | WA |
| Zip Code | 98104 |
| County | USA |
| Telephone Number | 206-757-6749 |
| E-Mail Address (if known) | |

☐ Individual capacity  ☑ Official capacity

Defendant No. 2

| | |
|---|---|
| Name | Jerrod Towne |
| Job or Title (if known) | MSHA inspector |
| Address | c/o David Clark, US DOL, 300 Fifth Ave, Suite 1120 |
| City | Seattle |
| State | WA |
| Zip Code | 98104 |
| County | USA |
| Telephone Number | 206-757-6749 |
| E-Mail Address (if known) | |

☐ Individual capacity  ☑ Official capacity

**Defendant No. 3**

| | |
|---|---|
| Name | Thomas Berberich |
| Job or Title *(if known)* | MSHA inspector |
| Address | c/o David Clark, US DOL, 300 Fifth Ave, Suite 1120 |
| | Seattle, WA 98104 |
| | *City  State  Zip Code* |
| County | USA |
| Telephone Number | 206-757-6749 |
| E-Mail Address *(if known)* | |

[ ] Individual capacity  [✓] Official capacity

**Defendant No. 4**

| | |
|---|---|
| Name | Robert Wood |
| Job or Title *(if known)* | MSHA inspector |
| Address | c/o David Clark, US DOL, 300 Fifth Ave, Suite 1120 |
| | Seattle, WA 98104 |
| | *City  State  Zip Code* |
| County | USA |
| Telephone Number | 206-757-6749 |
| E-Mail Address *(if known)* | |

[ ] Individual capacity  [✓] Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

[✓] Federal officials (a *Bivens* claim)

[ ] State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

The defendants violated our 4th Constitutional Amendment right to be secure against unreasonable searches and seizures. The 4th Amendment right is upheld for owner operator operated mining in the United States Court of Appeals, Ninth Circuit No 78-2345 Marshall v. Wait.

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

The defendants all approached our mine site as inspectors for MSHA between 2017 and present, and they searched the site repeatedly without our presence, permission or a warrant. Jerrod Towne and Robert Wood additionally issued fines based on the unwarranted visits in the amount of around $10,000

## III. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. Where did the events giving rise to your claim(s) occur?

At One Above Discovery at 16.5 mile Steese Hwy, Fairbanks

B. What date and approximate time did the events giving rise to your claim(s) occur?

Between 2017 and present we received several unwarranted MSHA visits from the defendants. Defendants would trespass and use threats of increased fines to attempt to coerce us signing up for inspections

C. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

See attachment A

## IV. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

## V. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

The Plaintiffs move for the court to order all defendants, Buck Jones, Jerrod Towne, Thomas Berberich, and Robert Wood to cease and desist with unwarranted harassment against Sheldon Maier and Janne Maier at their owner operated mine site.

The Plaintiffs also move for the court to impose appropriate fines on defendants for their crimes as outlined by law, and for the defendants to pay punitive damages to plaintiff to cover court filing fees ($402) and lost operating time due to 70+ hours spent addressing citations and legal filings in the amount of $20,000

The MSHA agency has a longstanding history of abusing their mandate and misusing public funds to conduct harassment and coercion against small mine business owners without providing a warrant or evidence of a complaint. It is essential to prevent these tactics, and the first step is to hold MSHA inspectors accountable for their unlawful actions.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 9/20/2023

Signature of Plaintiff: /s/

Printed Name of Plaintiff: Janne Maier

### B. For Attorneys

Date of signing: 

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Address
    City      State      Zip Code
Telephone Number
E-mail Address

My wife and I are mine owner operators; we have mined in the Fortymile 1992 to 2016 and in Fairbanks on One Above Discovery claim since 2017. In 30+ years of mining we heard multiple reports from fellow miners regarding Mine Safety and Health Administration (MSHA) inspectors showing up in response to a postulated complaint; the MSHA inspector(s) would tell the miner that if they did not comply with signing up for MSHA inspections, they would be excessively fined. To my knowledge of these cases, MSHA representatives never produced any evidence that a complaint actually existed.

Now several MSHA inspectors have attempted this strategy against our operation starting in 2017 when we commenced mining in Fairbanks. The MSHA inspectors' efforts culminated with fines and equipment withdrawals levied against our business spring of 2023 and filing of a civil suit for not allowing MSHA inspections September 2023. We have attempted to negate the overreach by appealing to our political representatives, filing a complaint with the department of justice (report #318003-KJG), and filing a complaint with the Inspector General office with no relief.

We ask that the court to hold the defendant MSHA inspectors Buck Jones, Jarrod Towne, Thomas Berberich, and Robert Wood accountable for, under color of law, committing several violations of our 4th Amendment right to be secure against unreasonable searches and seizures. All defendants committed title 18 section 242 crimes against our business and persons as outlined in the following document. Jarrod Towne and Thomas Berberich additionally committed a grievous Title 18 section 241 crime against our business and persons by threatening mine owner with a helicopter on September 13 2022.

On September 2017 on One Above Discovery Claim Fairbanks, we received a visit from MSHA inspector Buck Jones; he trespassed onto our mine site and claimed that MSHA had received a complaint regarding our mine, so we needed to sign up and submit to inspection to receive reduced fines; **Mr. Jones refused to produce a warrant or evidence of a complaint.** We concluded we would not need to sign up. Buck Jones proceeded to levy second hand threats against us regarding fines and punitive actions through MSHA instructor Ron Brooks who conveyed threats verbally and by text (see pictures above) and through other miners who asked us to not use their names in this filing as they fear retribution from MSHA.

Text message screenshots from +1 (907) 460-4142, Mar 27, 2020:

"Sheldon, this is Ron Brooks. MSHA inspector Buck Jones was asking about a someone mining across from the Discovery Monument today. Someone reported the mine, I told him I didnt know anything but Jones said this summer he was going to fine the mine for $1000's for reckless disregard. It may be your operation, so heads up. He just inspected us. Dont say anything about this warning or I will get fined $1000's for telling what I heard."

1

On August 24 2022 on One Above Discovery Claim Fairbanks, MSHA inspector Jarrod Towne came to our gate claiming to have a complaint against our mine necessitating an MSHA inspection and threatening high fines if we did not comply. **The mine owner asked to see the complaint or a warrant and was refused**. Mr. Towne was denied access.

On September 13 2022 the mine owner arrived to find a helicopter had landed inside the One Above Discovery site which is immediately adjacent to the highway; the use of a helicopter to access the site was threatening and harassing in intent. Mr. Towne and a colleague, later identified as Thomas Berberich greeted the mine owner but Mr. Berberich refused to provide his name at the time. The mine owner began recording the inspectors, and they threatened additional fines if mine owner did not stop recording them. **The inspectors still did not produce a warrant or any evidence that a complaint had been filed against Alaska Goldmine.** The MSHA inspectors left by helicopter when mine owner continued recording and again refused an inspection.

The September 13 2022 visit prompted us to reach out to our political representatives for help. Communication from MSHA Assistant Secretary of Labor Christopher J. Williamson through Senator Sullivan's office acknowledged that the helicopter visit did not "follow protocol", but Mr. Williamson offered no relief. Mr. Williamson stated that MSHA can inspect any mine site in response to complaints regardless of whether the mine has any employees; **MSHA has still not produced any evidence of a complaint filed against Alaska Goldmine.**

On June 19 2023 the mine owner found an envelope left at the mine site containing numerous MSHA citations signed by Jerrod Towne and Robert Wood; these have been addressed in writing to MSHA solicitor David Clark along with our continued objections. Mine owners sought legal counsel and were informed by two separate attorneys that because we had sought relief by involving political help, MSHA would increase legal pressure as a punitive measure. Subsequent communication from MSHA is asking for fines totaling around $10,000.

On September 10 2023 Sheldon and Janne Maier, Alaska Goldmine LLC were served with a summons in a civil action filed by David Clark on behalf on MSHA. MSHA inspector Jarrod Towne submitted a declaration as part of this filing complaining that Sheldon Maier would not let him access the site without a warrant. The fourth amendment to the United States' Constitution protects the right of the people to be secure from search and seizure without a warrant, and this right was upheld for owner operated mining in the United States Court of Appeals, Ninth Circuit No 78-2345 Marshall v. Wait.